UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-2189(JMR/FLN)

Dennis C. Williams, Sr.,
Dennis Williams, Jr., and
Ruben Childs

v.

Brooklyn Park, City of et al.

ORDER

The Court has been advised that plaintiffs Dennis Williams, Jr., and Ruben Childs withdraw their claims against all defendants as a result of the incident and allegations alleged in plaintiffs' complaint. The consideration for this withdrawal is zero dollars, and the defendants agree not to tax costs against plaintiffs Dennis Williams, Jr., and Ruben Childs, or otherwise seek recovery for attorney's fees or expenses incurred in this matter.

The Court has also been advised that plaintiff Dennis Williams, Sr., withdraws all claims against Mark Blumberg, Christopher Donahue, Todd Milburn, Kent Nielsen, and Scott Stroupe, individually and in their official capacity, and also withdraws Counts 1, 2, 3, 6, and 7 of the complaint. The consideration for this withdrawal is zero dollars, and the defendants agree not to tax costs against plaintiff Dennis Williams, Sr., or otherwise seek recovery for attorney's fees or expenses incurred in this matter.

The only remaining claims are state tort claims against police officers Craig Enevoldsen and Scott Parsons, identified as Counts 4 and 5 of the complaint. Based only on state law, they are

FILED
RICHARD D. SLETTEN, CLERK JAN 22 2002
JUDGEMENT ENTERED JAN 22 2002
DEPUTY CLERK'S INITIALS ________

dismissed, pursuant to 28 U.S.C. § 1367 (c)(3), and defendants waive any statute of limitations defense in these remaining claims.

Accordingly, IT IS ORDERED that:

1. All claims of plaintiffs Dennis Williams, Jr., and Ruben Childs are hereby dismissed with prejudice and without costs, disbursements, or attorney's fees awarded to any party.

2. All claims of plaintiff Dennis Williams, Sr., against Mark Blumberg, Christopher Donahue, Todd Milburn, Kent Nielsen, and Scott Stroupe are hereby dismissed with prejudice and without costs, disbursements, or attorney's fees awarded to any party.

3. Counts 1, 2, 3, 6, and 7 of the complaint are dismissed with prejudice, and without costs, disbursements or attorney's fees awarded to any party.

4. Counts 4 and 5 of the complaint, the remaining state claims, are hereby dismissed without prejudice pursuant to 28 U.S.C. § 1367 (c)(3).

Dated: January 18th, 2002

JAMES M. ROSENBAUM
United States Chief District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd